# United States District Court
# Central District of California

| | |
|---|---|
| YURIRIA DIAZ, as an individual and on behalf of others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MACY'S WEST STORES, INC. dba Macy's, an Ohio corporation, and DOES 1-50, inclusive<br><br>　　　　　　Defendants. | Case № 8:19-cv-00303-ODW (MAAx)<br><br>**AMENDED ORDER GRANTING MOTION TO DISMISS [20]** |

## I.　INTRODUCTION

Before the Court is Defendant Macy's West Stores, Inc. dba Macy's ("Macy's") Motion to Dismiss for failure to state a claim and failure to exhaust administrative requirements. (Mot. to Dismiss ("Mot."), ECF No. 20.)[1] For the following reasons, Macy's Motion is **GRANTED**.

## II.　BACKGROUND

On November 20, 2018, Plaintiff Yuriria Diaz—a former retail worker—filed this wage and hour action in the Superior Court of California, on behalf of herself and

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

others similarly situated, against her former employer, Macy's. (Notice of Removal ("Notice") Ex. A ("Compl."), ECF No. 1-1.) On January 22, 2019, Diaz amended her complaint in the state court proceedings. (*See* Notice 3, Ex. H ("First Am. Compl."), ECF No. 1-8.) On February 14, 2019, Macy's removed this action to federal court. (*See* Notice, ECF No. 1).

On May 6, 2019, the parties filed their Joint Rule 26(f) Report. (*See* Joint Report, ECF No. 13.) Therein, the parties explained that the parties' arbitration agreement requires arbitration of Diaz's individual employment-related claims and precludes her from proceeding with litigation on a class-wide basis. (Joint Report 3.) As a result, Diaz sought leave to amend her complaint to dismiss her class and individual California Labor Code ("Labor Code") claims, and allege only a representative claim under the Private Attorneys General Act ("PAGA"), Labor Code section 2698 *et seq.* (Joint Report 3.) The Joint Report, signed and submitted by Diaz's counsel, stated that Diaz would "not renew her individual claims under the California Labor Code . . . in this or any other forum" if granted leave to amend. (Joint Report 3.) The following week, on May 10, 2019, the parties stipulated to allow Diaz to file a Second Amended Complaint ("SAC"). (Joint Stip. to Am., ECF No. 17.) The Court granted the stipulation and Diaz filed the operative SAC on May 13, 2019. (SAC, ECF No. 19.)

In the SAC, Diaz alleges a single PAGA cause of action premised on various Labor Code violations, which include: (1) failure to maintain records and provide accurate itemized wage statements in violation of Labor Code sections 226, 1198, and Wage Order 7, section 7; (2) failure to pay minimum wages and proper overtime wages in violation of Labor Code sections 510, 1194, 1198, and Wage Order 7, section 3; (3) failure to reimburse for all necessary expenditures or losses in violation of Labor Code section 2802; (4) failure to pay all wages upon termination in violation of Labor Code section 203; and (5) failure to provide suitable seating in violation of Wage Order 7, section 14. (SAC ¶ 31(a)–(f).)

Macy's moves to dismiss Diaz's SAC for lack of standing and failure to exhaust administrative requirements. (Mot. 10–11.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly

denied . . . if amendment would be futile." *Carrico v. City and Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. REQUEST FOR JUDICIAL NOTICE

As a preliminary matter, both parties request that the Court take judicial notice of various documents. (*See* Macy's Req. Judicial Notice ("RJN"), ECF No. 21; Diaz RJN, ECF No. 22-1.) Although a court is generally limited to the pleadings in ruling on a Rule 12(b)(6) motion, it may consider documents incorporated by reference in the complaint or properly subject to judicial notice without converting the motion into one for summary judgment. *Lee*, 250 F.3d at 688–89. The Court may take judicial notice of "fact[s] . . . not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. The Court may take judicial notice of "matters of public record" that are not "subject to reasonable dispute." *Lee*, 250 F.3d at 689.

Macy's requests the Court judicially notice (1) the parties' Joint Rule 26(f) Report, and (2) Diaz's PAGA Notice. (Macy's RJN ¶¶ 1–2.) The Court **DENIES** Macy's request as to the Joint Rule 26(f) Report in the present matter, as the Court need not take judicial notice to consider the record in this matter. The Court **GRANTS** Macy's request as to Diaz's PAGA Notice, which is incorporated by reference in the SAC and not subject to reasonable dispute. (*See* SAC ¶ 33.)

Diaz requests the Court judicially notice (1) a redline version of the parties' Joint Rule 26(f) Report, (2) the parties' Joint Rule 26(f) Report as filed, (3) Diaz's original and a redline version of the parties' Joint Stipulation to allow the SAC, (4) the Joint Stipulation as filed, (5) Diaz's SAC as filed, and (6) Diaz's PAGA Notice. (Diaz RJN ¶¶ 1–3.) Macy's objects to the redline versions of documents. (Macy's Objs. to Diaz's RJN 1, ECF No. 24.) The Court **DENIES** Diaz's request as to the Joint Rule 26(f) Report, Joint Stipulation, and SAC because the Court need not take judicial notice to consider the record in this matter. The Court **DENIES** Diaz's

request as to the redline versions of the Joint Rule 26(f) Report and Joint Stipulation, as they are not matters of public record free from reasonable dispute or otherwise properly subject to judicial notice under Federal Rule of Evidence 201. Finally, the Court **DENIES** as moot Diaz's request as to the PAGA Notice because the Court granted Macy's request for judicial notice of the same document.

## V. DISCUSSION

Macy's moves to dismiss Diaz's PAGA claim as premised on Labor Code violations on the grounds that Diaz cannot establish Article III standing for a PAGA representative action. (Mot. 10, 12–22.) Macy's also moves to dismiss Diaz's PAGA claim premised on section 14 of Wage Order 7-2001 (suitable seating claim) on the grounds that Diaz failed to exhaust administrative requirements. (Mot. 10–11, 22–25.)

### A. Standing

Macy's contends Diaz does not qualify as an aggrieved employee and lacks standing to bring PAGA claims because she effectively dismissed her predicate claims with prejudice by amending her complaint to delete those claims and vowing to not renew them. (Mot. 10, 16–21.) Macy's contends the dismissal of those underlying claims relinquished Diaz's standing because she no longer has an injury—viable Labor Code Claims—as required to be an aggrieved employee. (Mot. 18; Reply 3, ECF No. 23.)

PAGA authorizes an *aggrieved employee* to bring a civil action on behalf of herself and others to recover civil penalties for Labor Code violations. *See* Cal. Lab. Code § 2699. An aggrieved employee is "any person who was employed by the alleged violator and against whom one or more of the alleged violations was committed." *Id.* PAGA is simply an enforcement mechanism; it does not create any new substantive rights or legal obligations. *Julian v. Glenair, Inc.*, 17 Cal. App. 5th 853, 871 (2017) (quoting *Amalgamated Transit Union, Local 1756, AFL-CIO v. Superior Court*, 46 Cal. 4th 993, 1003 (2009)). Consequently, once violations underlying a PAGA claim are dismissed with prejudice and an employee can no

longer maintain a viable Labor Code-based claim, the employee is no longer an "aggrieved employee" and lacks Article III standing to maintain a PAGA claim. *Kim v. Reins Int'l Cal., Inc.*, 18 Cal. App. 5th 1052, 1056, 1058–59 (2017).

Rule 15(a) allows a plaintiff to amend a complaint to dismiss less than all claims if the opposing party gives written consent or the court grants leave to amend. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). If the amended pleading does not reallege claims from the original pleading that were voluntarily dismissed, those claims are waived. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). A party's dismissal of claims and avowal on the record not to bring them again functions as a dismissal with prejudice. *Star Fabrics v. Monroe & Main, Inc.*, No. CV 14-7125-MWF (Ex), 2015 WL 12811249, *5 (C.D. Cal. Jan. 30, 2015); *see also Hammes Co. Healthcare, LLC v. Tri-City Healthcare Dist.*, Nos. 09-cv-2324 JLS (CAB), 09-cv-2334 JLS (CAB), 2011 WL 6182423, *12 (S.D. Cal. Dec. 13, 2011) (citing *Campbell v. Altec Indus.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010)).

Diaz asserts that she maintains standing as an aggrieved employee because the Labor Code violations she suffered were neither settled nor dismissed with prejudice. (Opp'n to Mot. ("Opp'n") 6, ECF No. 22.) However, she informed the Court that, if granted leave to amend, she would "dismiss[] her class and individual Labor Code claims . . . [and] not renew [them] in this or any other forum." (Joint Report 3.) The Court granted Diaz leave to file a SAC, the only condition to her avowal, and Diaz's subsequent SAC omitted all class and individual Labor Code claims. Accordingly, Diaz's Labor Code claims have been dismissed with prejudice.

Diaz argues that Rule 41 applies such that any dismissal must be without prejudice. (Opp'n 9–10.) However, voluntary dismissal under Rule 41 may not be used to dismiss fewer than all claims against a single defendant. *See Ethridge*, 861 F.2d at 1392. In circumstances such as this, where fewer than all claims are dismissed, Rule 15—not Rule 41—governs. *Id.* As such, Diaz's exclusion of the original individual and class claims from the SAC, together with her avowal to not

bring them again, effectuated a dismissal of those claims with prejudice. Consequently, Diaz is no longer an aggrieved employee and lacks Article III standing to bring the PAGA claim.

Accordingly, Macy's Motion to Dismiss Diaz's PAGA claim premised on Labor Code violations is **GRANTED**. As no amendment could remedy this deficiency, the Court does not grant leave to amend.

### B. Suitable Seating Wage Order Claim

Macy's argues Diaz is barred from proceeding with the suitable seating PAGA claim premised on Wage Order 7 because Diaz failed to satisfy the notice requirements of Labor Code section 2699.3. (Mot. 22.) However, the Court finds Diaz's suitable seating claim fails for other, more fundamental reasons.

"PAGA does not create a private right of action to directly enforce a wage order promulgated by the [Industrial Welfare Commission]." *Flowers v. Los Angeles Cty. Metro Transp. Auth.*, 243 Cal. App. 4th 66, 86 (2015). Instead, an employee may enforce a wage order "only by bringing a claim under the Labor Code." *Nunez v. Nevell Grp.*, 35 Cal. App. 5th 838, 846 (2019) (citing *Flowers*, 243 Cal. App. 4th at 74, 86). As discussed above, Diaz has no viable Labor Code claims. As such, she has no basis through which to enforce the wage order. Accordingly, Diaz's suitable seating claim must fail with her Labor Code claims.

For this reason, Macy's Motion to Dismiss Diaz's suitable seating PAGA claim premised on Wage Order 7 is **GRANTED**. As above, no amendment could remedy this deficiency, so the Court does not grant leave to amend.

## VI. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Macy's Motion to Dismiss without leave to amend. (ECF No. 20.) The Court will issue judgment.

**IT IS SO ORDERED.**

December 6, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**