Armond M. Jackson, SBN 281547
**Jackson Law, APC**
2 Venture Plaza, Ste. 240
Irvine, CA 92618
Phone (949) 281-6857
Fax (949) 777-6218

Attorneys for Plaintiff Yuriria Diaz

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIRIA DIAZ, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MACY'S WEST STORES, INC. dba Macy's, a Ohio corporation and DOES 1-50, inclusive,<br><br>Defendant. | Case No.: SA CV 19-00303-ODW (MAAx)<br><br>**Assigned for all purposes to: Judge Otis D. Wright II**<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>1. **VIOLATION OF THE CALIFORNIA LABOR CODE PRIVATE ATTORNEYS GENERAL ACT OF 2004 (CAL LAB. CODE §§ 2698, ET SEQ.)**<br><br>**[JURY DEMAND]** |

**THIRD AMENDED COMPLAINT—1**

Plaintiff Yuriria Diaz ("Plaintiff" or "Ms. Diaz") ("Plaintiff") makes the following allegations against Defendant Macy's West Stores, Inc. dba Macy's ("Macy's"), and DOES 1-50 (collectively referred to throughout herein as "Defendants"):

## GENERAL ALLEGATIONS

**Parties and Venue.**

1. Plaintiff is, and at all relevant times was, a citizen and resident of the city of Bellflower, in the County of Los Angeles, in the State of California.

2. Plaintiff is informed and believes and on that basis alleges that at all relevant times Defendant Macy' is a New York corporation doing business in the State of California with a principal place of business located at 500 Fifth Avenue, Ste. 400, New York, New York, 10110.

3. Aggrieved Employees or aggrieved employees shall mean, but not limited to Defendant's California non-exempt employees, Non-Commission Hourly Associates or Hourly Executives, Sales Associates, Stock Associates and Cashiers during the relevant time period.

4. In light of the facts that the wrongful acts of this defendant occurred and the causes against them arose in Orange County, State of California.

**Doe Allegations**.

5. Plaintiff does not presently know the true names and capacities of defendant named as Doe 1 through Doe 50, inclusive. Plaintiff will amend this complaint, setting forth the true names and capacities of these fictitious defendants, when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious defendants have participated in the acts alleged in this complaint to have been done by the named defendants.

**Vicarious Liability.**

6. Unless otherwise indicated, each defendant herein sued is the agent, co-

conspirator, joint venturer, partner, and/or employee of every other defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, partnership, and/or employment, with the knowledge and/or consent of co-defendants, and each of them.  Plaintiff is informed and believes and thereon alleges that each defendant has authorized and/or ratified the wrongful activities of each of the remaining defendants.

## COMMON ALLEGATIONS TO ALL CAUSES OF ACTION

7. Defendants are retail companies.

8. Plaintiff worked for Defendants as non-exempt employees including, but not limited to Non-Commission Hourly Associate or Hourly Executive, Sales Associates, Stock Associates and Cashiers.

9. Plaintiff worked as a non-exempt employee for Defendants. During this employment a majority of Plaintiff's work involved customer service, selling clothing, entering data, cashiering and other miscellaneous activities.

### Defendants Failed to Pay Appropriate Minimum Wage and Overtime Wages for Reporting Time To Plaintiff and Similarly Situated Employees

10. Plaintiff and similarly situated employees were regularly required to report to work for scheduled shifts and required to either go home or go home before completing their shift and not paid half their usual or scheduled day's work in violation of California Labor Code sections 510 and 1194 and the applicable California Industrial Welfare Commission wage order(s).

### Defendants Failed to Pay All Wages Upon Termination to Plaintiff and Similarly Situated Employees

11. During the Plaintiff's and similarly situated employees employment with Defendants had a policy and/or practice that failed to pay Plaintiff and similarly situated employees all wages owed upon termination including the overtime wages and minimum wages for reporting for their scheduled shift but not put to work or

paid 2 hours or for half of the usual or scheduled shift but in no event paid more than four hours per applicable wage order as these wages were withheld by Defendants through the Plaintiff's and similarly situated employees employment.

**Defendants Provided Inaccurate Wage Statements to Plaintiff and Similarly Situated Employees**

12.  Furthermore, throughout Plaintiff and similarly situated employees employment, their paystubs did not accurately reflect their applicable total hours worked, net wages earned, gross wages earned and actual applicable wage rate all in violation of California Labor Code Section 226(a), specifically sections 1-2, 4-5 and 9. Due to the fact that Defendants excluded the hours worth of work that should have been reflected on their paystubs for reporting time pay. Therefore, the paystubs did not accurately reflect the total hours works, net wages earned, gross wages earned, accurately depict deductions that should have been taken out and actual applicable wage rate corresponding with the total hours worked.

13.  Ms. Diaz is informed and on that basis believes that all other similarly situated employees of Defendants were under the same circumstances and conditions of employment as her. Specifically all other similarly situated employees were not provided with accurate itemized wages statements and received paystubs that did not reflect their applicable total hours worked, gross wages earned, net wages earned. Plaintiff and actual applicable wage rates corresponding with the total hours worked by virtue of excluding hourly rate and hours worth of work on their paystubs. Also, all other similarly situated employees were not provided with proper overtime compensation or minimum wage compensation for all hours worked and all wages upon termination as related to Defendant's failure to properly pay for reporting time.

**Defendants Failed to Provide Adequate Seating**

23.  Furthermore, throughout Plaintiff, and Aggrieved Employees employment,

**THIRD AMENDED COMPLAINT—4**

Defendants refused to provide adequate seating to its employees although the nature of their work would have reasonably permitted the use of seats, especially when working as a cashier, data entry and performing other tasks. Furthermore, there were not an adequate number of suitable seats placed in reasonable proximity to Plaintiff and the work area of the Aggrieved Employees that would have allowed the employees to use any seats if ever permitted to do so.

24  Plaintiff is informed and on that basis believes that all other similarly situated employees of Defendants were under the same circumstances and conditions of employment as her. Specifically all other similarly situated employees were not provided with suitable seats or an adequate number of suitable seats placed in reasonable proximity to their work area or that would have allowed the employees to use any seats if ever permitted to do so.

**Defendants Failed to Reimburse Aggrieved Employees for the Use of Personal Cell Phones**

25.   Defendant had a policy and practice that required employees to have to use their personal cell phone in order to complete their job duties at the direction of Defendant. Throughout Plaintiff's employment, Defendant refused to reimburse its employees for use of their personal cell phones that they were required to use  in order to perform their job duties at the direction of Defendant during their working shifts.

26   Plaintiff is informed and on that basis believes that Defendant refused to reimburse its aggrieved employees for use of their personal cell phones in order to perform their job duties at the direction of Defendant during their working shifts.

## FIRST CAUSE OF ACTION
(For Violation of the Labor Code Private Attorneys General Act)
(Labor Code §§ 2698, et seq. By Plaintiff on Behalf of All Aggrieved Employees Against All Defendants and DOES 1-50)

**THIRD AMENDED COMPLAINT—5**

27. Plaintiff hereby incorporates all of the allegations set forth in each of the paragraphs above and below by reference as though set forth in full in this cause of action.

28. Plaintiff brings this claim on behalf of all Aggrieved Employees.

29. Pursuant to Labor Code § 2699(a), any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

30. For all provisions of the Labor Code except those for which a civil penalty is specifically provided, Labor Code § 2699(f) imposes upon Defendant a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendant violated these provisions of the Labor Code.

31. Defendants' conduct violates numerous Labor Code sections including, but not limited to the following:

   (a) Violation of Labor Code §§ 226, 226.3, 1198 and Wage Order 7, Section 7 for failure to maintain records and provide accurate itemized wage statements to Plaintiff and other aggrieved employees as herein alleged regarding Defendant's failure to properly pay reporting time;

   (b) Violation of Labor Code §§ 510, 1194, 1198 and Wage Order 7, Section 3 for failure to pay proper overtime wages to Plaintiff and other aggrieved employees as herein alleged regarding Defendant's failure to properly pay reporting time;

(c) Violation of Labor Code §§ 510, 1194, 1198 and Wage Order 7, Section 3 for failure to pay minimum wages to Plaintiff and other aggrieved employees as herein alleged regarding Defendant's failure to properly pay reporting time;

(d) Violation of Wage Order 7, Section 14 for failure to provide suitable seating in compliance with Wage Order 7, Section 14;

(e) Violation of Labor Code §2802 for failure to reimburse aggrieved employees for all necessary expenditures or losses related to personal cell phone usage incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer. In violation of Lab. Code § 2802; and

(f) Violation of Labor Code § 203 for failure to pay all wages upon termination to Plaintiff and other aggrieved employees as herein alleged regarding Defendant's failure to properly pay reporting time.

32. Plaintiff is an "aggrieved employee" because she was employed by the alleged violator and had or ore more of the alleged violations committed against her, and therefore is properly suited to represent the interests of all other aggrieved employees.

33. On November 16, 2018, Plaintiff sent Defendants by certified mail notice of the facts and theories of its Labor Code violations. Plaintiffs submitted this notice to the Labor Workforce Development Agency via online along with a payment of $75.00. Plaintiff's statute of limitations to file a Private Attorney General Act claim was tolled pending the 65 calendar day exhaustion period. (See Cal. Lab. Code § 2699.3(d). Plaintiff has therefore exhausted the procedural requirements under Labor Code § 2699.3 as to Defendants and is therefore able to pursue a claim for penalties on behalf of herself and all other aggrieved employees under PAGA.

**THIRD AMENDED COMPLAINT—7**

34. Labor Code §§ 2698, et seq. imposes upon Defendants, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200.00) for each aggrieved employee per pay period for each subsequent pay period in which Defendants violated the Labor Code.

35. Pursuant to Labor Code §§ 2699(a), 2699.3 and 2699.5, Plaintiff on behalf of all other aggrieved employees is entitled to recover civil penalties against Defendants for violations of the Labor Code sections cited above.

36. The California Supreme Court has held that a representative action does not need to meet the class certification requirements because it is strictly a state enforcement action. *Arias v. Superior Court*, 46 Cal.4th 969, 970-75 (2009).

37. Defendants' conduct as alleged herein, has been sand continues to be unfair, unlawful and harmful to Plaintiff and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays individually and on behalf of the Aggrieved Employees, prays for judgment against Defendants as follows:

**First Cause of Action:**

1. For civil penalties against Defendants on behalf of all aggrieved employees pursuant to Labor Code §§ 2698, et seq.;

2. For reasonable attorney's fees and costs of suit to the extent permitted by law, including pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 2698, et seq.; and

3. For such relief as the Court deems just and proper

4. For reasonable attorneys' fees and costs incurred

5. Interest accrued to date under the California Labor Code;

6. For such other and further relief as this Court may deem just and proper.

Dated: February 9, 2021                                **Jackson Law, APC**

                                                       By: *Armond Jackson*
                                                       Armond M. Jackson
                                                       Attorneys for Plaintiff Yuriria Diaz

### DEMAND FOR JURY TRIAL

Plaintiff Yuriria Diaz demands a jury trial in the above captioned matter. Dated: February 9, 2021          **Jackson Law, APC**

                                                       By: *Armond Jackson*
                                                       Armond M. Jackson
                                                       Attorneys for Plaintiff Yuriria Diaz