O

# United States District Court
# Central District of California

| | |
|---|---|
| YURIRIA DIAZ, as an individual and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MACY'S WEST STORES, INC., dba Macy's, an Ohio corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case № 8:19-cv-00303-ODW (MAAx)<br><br>**ORDER DENYING MOTION TO DISMISS [45]** |

## I. INTRODUCTION

Defendant Macy's West Stores, Inc. moves to dismiss Plaintiff Yuriria Diaz's Third Amended Complaint ("TAC"). (Mot. to Dismiss TAC ("Motion" or "Mot."), ECF No. 45.) The matter is fully briefed. (*See* Opp'n, ECF No. 47; Reply, ECF No. 48.) For the reasons discussed below, the Motion is **DENIED**.[1]

## II. BACKGROUND

Diaz worked for Macy's as a non-exempt employee; her job duties "involved customer service, selling clothing, entering data, cashiering[,] and other miscellaneous activities." (TAC ¶ 9, ECF No. 44.) In her TAC, Diaz asserts a single cause of action

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

under California's Private Attorneys General Act ("PAGA"), alleging that Macy's failed to: (1) maintain records and provide accurate itemized wage statements; (2) pay minimum wages and proper overtime wages; (3) provide suitable seating for employees; (4) reimburse all necessary expenditures or losses; and (5) pay all wages upon termination. (*See id.* ¶¶ 27–33.)

Although Macy's purports to seek dismissal of the entire TAC, the Motion addresses nothing beyond Diaz's suitable seating claim. Accordingly, this Order focuses only on the sufficiency of Diaz's suitable seating claim. With respect to seating, Diaz alleges that Macy's "refused to provide adequate seating to its employees although the nature of their work would have reasonably permitted the use of seats, especially when working as a cashier, data entry and performing other tasks [sic]." (*Id.* ¶ 23.) She also alleges that "there were not an adequate number of suitable seats placed in reasonable proximity to [Diaz] and the work area . . . that would have allowed the employees to use any seats if ever permitted to do so." (*Id.*)

Before initiating this action, Diaz sent a PAGA notice ("Notice") to the Labor and Workforce Development Agency ("LWDA") and to Macy's, as required by California Labor Code section 2699.3. (Notice 1, ECF No. 46.)[2] The Notice stated, among other things, that Macy's is a "retail company"; Diaz worked for Macy's as a "retail clerk"; and "although [Diaz] could have performed her work while being in a suitable seat, [Macy's] never provided [Diaz] with any suitable seating." (Notice 2.) The Notice further stated:

> [California Industrial Welfare Commission] Wage Order 7, Section 14, required [Macy's] to provide [Diaz] and similarly situated employees with suitable seating. At no time did [Macy's] provide suitable seating to

---

[2] Macy's requests that the Court take judicial notice of the Notice. (RJN, ECF No. 46.) The Court may take judicial notice of "fact[s] . . . not subject to reasonable dispute" because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. This includes "matters of public record" that are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Diaz does not dispute the authenticity of the Notice, nor is the Notice subject to reasonable dispute. Thus, the Court takes judicial notice of the Notice.

all working employees although the nature of the work reasonably permitted use of seats. Furthermore, [Macy's] failed to provide [Diaz] and the similarly situated employees with suitable seating when they were not engaged in the active duties of their employment. Lastly, if the nature of the work required standing, [Macy's] failed to place an adequate number of suitable seats in reasonable proximity to the work area and employees and permit the use of such seats when it did not interfere with the performance of their duties. Instead, [Diaz] and the similarly situated employees were required to stand and walk around at all times.

(*Id.* at 6.) The Notice also explained that a violation of Wage Order 7, section 14 constitutes a violation of California Labor Code section 558. (*Id.*) Now, Macy's moves to dismiss Diaz's suitable seating PAGA claim for failure to provide adequate notice. (*See* Mot.)

### III. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept

conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV. DISCUSSION

Enacted "to remedy systemic underenforcement of many worker protections," PAGA deputizes aggrieved employees harmed by labor violations to sue employers as a representative of the state. *Williams v. Superior Court*, 3 Cal. 5th 531, 545 (2017). Before an aggrieved employee can bring a PAGA action, the employee must provide written notice to the Labor Workforce Development Agency ("LWDA") and to the employer. Such notice must contain "the specific provisions of th[e] code alleged to have been violated, including the facts and theories to support the alleged violation." Cal. Lab. Code § 2699.3. The purpose of the notice requirement is to give the LWDA sufficient knowledge of the allegations and the basis for those allegations so that it may intelligently decide whether to utilize its limited resources on an investigation. *See Williams*, 3 Cal. 5th at 546. Thus, "a string of legal conclusions without any factual allegations or theories of liability to support them" is generally insufficient. *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015). However, the "facts and theories" provided to support alleged violations need not satisfy any "particular threshold of weightiness," except the general requirement of nonfrivolousness. *Williams*, 3 Cal. 5th at 545.

When it comes to suitable seating claims, a PAGA notice is sufficient if it provides (1) the specific statute allegedly violated, (2) facts about what position plaintiffs held, (3) a statement that plaintiffs could use a seat in their position, and (4) specific identification of who was allegedly harmed. *See Green v. Bank of Am., N.A.,* 634 F. App'x 188, 191 (9th Cir. 2015) ("[A] written notice is sufficient so long as it contains some basic facts about the violations, such as which provision was allegedly violated and who was allegedly harmed.").

Here, Diaz's Notice is sufficient in light of the Ninth Circuit's decision in *Green*. The Notice contains (1) the specific suitable seating statute Macy's allegedly

violated, California Labor Code section 558 (by way of Industrial Welfare Commission Order No. 7-2001, section 14); (2) a statement that Diaz worked for Macy's as a "retail clerk"; (3) a statement that the work could have been performed while seated; and (4) a specific identification that Diaz and similarly situated employees were harmed. (*See* Notice 1–2, 6.) As the Ninth Circuit similarly held in *Green*, such facts put the LWDA and Macy's on notice about the nature of Diaz's suitable seating claim—"namely, that [Macy's] was not providing chairs for plaintiffs as California law requires." *Green*, 634 F. App'x at 191.

Still, Macy's raises some arguments that are worth discussing further, although they are ultimately unconvincing. First, Macy's argues that Diaz's Notice was deficient because it parrots the statute upon which the claim relies. (*See* Mot. 11 (citing *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015); *Brown v. Ralphs Grocery Co.*, 28 Cal. App. 5th 824 (2018)).) In both *Alcantar* and *Brown*, the courts found that the respective notices were insufficient because each contained "a string of legal conclusions that parroted the allegedly violated Labor Code provisions." *Brown*, 28 Cal. App. 5th at 837; *see also Alcantar*, 800 F.3d at 1057. But this case is distinguishable from *Alcantar* and *Brown* because the present case concerns a suitable seating claim, whereas those cases involved wage and hour claims. This distinction is significant because unlike wage and hour claims, suitable seating claims are "simple." *See Green,* 634 F. App'x at 191 ("The simplicity of plaintiffs' [suitable seating] claims and the additional details they included distinguish this case from cases such as *Alcantar*—where the plaintiffs merely provided a list of alleged statutory violations.").

Moreover, Macy's appears to argue that *any* notice reciting Labor Code provisions is insufficient, regardless of what else is included in the notice. (*See* Mot. 11, 14.) Of course, that would be absurd. To the extent Macy's argues that Diaz's Notice was nothing more than a mere recitation of the Labor Code, the Court disagrees. In her Notice, Diaz specified her position at Macy's as that of a "retail

clerk," and she asserted that she and similarly situated employees were required to stand or walk all day when they reasonably could have used seats in their positions. (Notice 1–2, 6.) In the context of a suitable seating claim, these simple details are enough for the LWDA to "assess the seriousness of the alleged violation" and for the employer to understand what practice was "being complained of so as to know whether to fold or fight." *See Alcantar*, 800 F.3d at 1057; *Mays v. Wal-Mart Stores, Inc.*, 354 F. Supp. 3d 1136, 1147 (C.D. Cal. 2019) ("If the claims are simple and are combined with factual allegations, the notice requirement is not difficult to satisfy." (brackets omitted) (quoting *Jones v. AB Acquisition LLC.*, No. CV 14-8535 DSF (JEMx), 2016 WL 7638188, at *4 (C.D. Cal. Apr. 4, 2016))). Thus, Macy's' reliance on *Alcantar* and *Brown* is unavailing.

Lastly, Macy's argues that the Notice was deficient because the term "retail clerk" does not include enough details about the nature of Diaz's work or the tasks performed in that role. (Mot. 12 (citing *Gunn v. Family Dollar Stores, Inc*, No. 3:14-cv-1916-GPC-BGS, 2016 WL 7030363 (S.D. Cal. 14 Dec. 2, 2016)). But the case upon which Macy's relies, *Gunn*, is easily distinguishable. In *Gunn*, the plaintiff argued that merely identifying his employer as a "wholesaler/retailer" was enough to make his position within the company "self-explanatory." *Gunn*, 2016 WL 7030363, at *4. In other words, the plaintiff in *Gunn* entirely failed to identify his position with the defendant company. *Id*. Consistent with *Alcantar*, *Brown*, and *Green*, the *Gunn* court rejected the plaintiff's attempts to excuse omission of this basic level of detail, noting that although the notice threshold required by PAGA is minimal, the failure to include any factual detail whatsoever to support an allegation does not comply with the "facts and theories" requirement of section 2699.3. *Id*. at *5.

Here, Diaz's Notice includes a statement that she worked as a "retail clerk" for Macy's, a "retail company." (Notice 2.) This is enough information about her position for the LWDA and Macy's to know what allegations are being asserted and the basis for those allegations. *See Williams*, 3 Cal. 5th at 545. "Hurdles that impede

the effective prosecution of representative PAGA actions undermine the Legislature's objectives." *Id*. at 548.  By providing minimal facts to support her simple allegations, Diaz complied with Labor Code section 2699.3.  A different finding would run against California public policy.

## V.     CONCLUSION

For all the reasons discussed above, Macy's Motion to Dismiss is **DENIED**.  (ECF No. 45.)  Macy's shall file its Answer to the TAC within **twenty-one (21) days** of the date of this Order.

**IT IS SO ORDERED.**

June 21, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**