1  FERMIN H. LLAGUNO, Bar No. 185222
   fllaguno@littler.com
2  P. DUSTIN BODAGHI, Bar No. 271501
   dbodaghi@littler.com
3  LITTLER MENDELSON, P.C.
   18565 Jamboree Road, Suite 800
4  Irvine, CA 92612-2565
   Telephone: 949.705.3000
5  Facsimile:  949.724.1201

6  Attorneys for Defendant
   MACY'S WEST STORES, INC.

7

8                  UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10 YURIRIA DIAZ, as an individual and       Case No. 08:19-cv-00303  ODW(MAA)
   on behalf of others similarly situated,  ASSIGNED TO THE HONORABLE
11                                           OTIS D. WRIGHT, II – DEPT 5D
                    Plaintiff,               and MAGISTRATE JUDGE THE
12                                           HONORABLE MARIA A. AUDERO
   v.
13                                           **STIPULATION AND ~~[PROPOSED]~~**
   MACY'S WEST STORES, INC. dba             **PROTECTIVE ORDER**
14 Macy's a Ohio corporation and DOES
   1-15, inclusive,
15                                           Trial Date:  None
                    Defendant.               Complaint Filed OCSC:  Nov 20, 2018
16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
   18565 Jamboree Road
        Suite 800
     Irvine, CA 92612
      949.705.3000

                                    1.

Plaintiff Yuriria Diaz ("Plaintiff") and Defendant Macy's West Stores, Inc. ("Defendant"), by and through their respective counsel of record, hereby enter into the following stipulation:

**1.   PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.  Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

**2.   GOOD CAUSE STATEMENT**

This action is likely to involve proprietary information, confidential/sensitive employee information, and other valuable development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, third party financial information, information regarding confidential

business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3.   DEFINITIONS

3.1.   Action:  means the above-captioned action, Case No. 08:19-cv-00303 ODW(MAA).

3.2.   Challenging Party:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3.   "CONFIDENTIAL" Information or Items:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.4.   "Attorneys' Eyes Only Information" or "Attorneys' Eyes Only Material": Extremely sensitive "CONFIDENTIAL" information or items, whose disclosure to another party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means,

1    stamped with an "Attorneys' Eyes Only" designation.

2    3.5.    Counsel:  Outside Counsel of Record and In-House Counsel (as well as

3    their support staff).

4    3.6.    Designating Party:  A Party or Nonparty that designates information or

5    items that it produces in disclosures or in responses to discovery as

6    "CONFIDENTIAL," "Attorneys' Eyes Only Information," or

7    "Attorneys' Eyes Only Material."

8    3.7.    Disclosure or Discovery Material:  All items or information, regardless of

9    the medium or manner in which it is generated, stored, or maintained

10    (including, among other things, testimony, transcripts, and tangible

11    things), that is produced or generated in disclosures or responses to

12    discovery in this matter.

13    3.8.    Expert:  A person with specialized knowledge or experience in a matter

14    pertinent to the litigation who has been retained by a Party or its counsel

15    to serve as an expert witness or as a consultant in this Action.

16    3.9.    In-House Counsel:  Attorneys who are employees of a party to this

17    Action.  In-House Counsel does not include Outside Counsel of Record

18    or any other outside counsel.

19    3.10.   Nonparty:  Any natural person, partnership, corporation, association, or

20    other legal entity not named as a Party to this action.

21    3.11.   Outside Counsel of Record:  Attorneys who are not employees of a party

22    to this Action but are retained to represent or advise a party to this Action

23    and have appeared in this Action on behalf of that party or are affiliated

24    with a law firm which has appeared on behalf of that party, and includes

25    support staff.

26    3.12.   Party:  Any party to this Action, including all of its officers, directors,

27    employees, consultants, retained experts, In-House Counsel, and Outside

28    Counsel of Record (and their support staffs).

3.13. <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.14. <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.15. <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "Attorneys' Eyes Only Material."

3.16. <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.    **SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

## 5.    **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   **DESIGNATING PROTECTED MATERIAL**

6.1.   Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Nonparty that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.   Manner and Timing of Designations.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1   minimum, the legend "CONFIDENTIAL" to each page that

2   contains protected material.  If only a portion or portions of the

3   material on a page qualifies for protection, the Producing Party

4   also must clearly identify the protected portion(s) (*e.g.*, by making

5   appropriate markings in the margins).

6          A Party or Nonparty that makes original documents

7   available for inspection need not designate them for protection

8   until after the inspecting Party has indicated which documents it

9   would like copied and produced.  During the inspection and before

10  the designation, all of the material made available for inspection

11  shall be deemed "CONFIDENTIAL."  After the inspecting Party

12  has identified the documents it wants copied and produced, the

13  Producing Party must determine which documents, or portions

14  thereof, qualify for protection under this Stipulated Protective

15  Order.  Then, before producing the specified documents, the

16  Producing Party must affix the legend "CONFIDENTIAL" and/or

17  "Attorneys' Eyes Only Material" to each page that contains

18  Protected Material.  If only a portion or portions of the material on

19  a page qualifies for protection, the Producing Party also must

20  clearly identify the protected portion(s) (*e.g.*, by making

21  appropriate markings in the margins).

22  (b)  For testimony given in depositions, that the Designating Party

23       identify the Disclosure or Discovery Material on the record, before

24       the close of the deposition, all protected testimony.

25  (c)  For information produced in nondocumentary form, and for any

26       other tangible items, that the Producing Party affix in a prominent

27       place on the exterior of the container or containers in which the

28       information is stored the legend "CONFIDENTIAL" and/or

"Attorneys' Eyes Only Material."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

6.3.   Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

7.   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.   Timing of Challenges.

Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.   Meet and Confer.

The Challenging Party shall initiate the dispute resolution process, which shall comply with Local Rule 37.1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3.   Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.    ACCESS TO AND USE OF PROTECTED MATERIALS

8.1.    Basic Principles.

Protected Material shall be used solely and exclusively for preparing for and prosecuting this case, pending the completion of the judicial process, including appeal.  Protected Material cannot be used for any other purpose in any other matter or proceeding for any reason whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    The officers, directors, and employees (including In-House

1   Counsel) of the Receiving Party to whom disclosure is reasonably
2   necessary for this Action;

3   (c)   Experts of the Receiving Party to whom disclosure is reasonably
4         necessary for this Action and who have signed the
5         "Acknowledgment and Agreement to Be Bound" (Exhibit A);

6   (d)   The Court and its personnel;

7   (e)   Court reporters and their staff;

8   (f)   Professional jury or trial consultants, mock jurors, and Professional
9         Vendors to whom disclosure is reasonably necessary or this Action
10        and who have signed the "Acknowledgment and Agreement to be
11        Bound" (Exhibit A);

12  (g)   The author or recipient of a document containing the information
13        or a custodian or other person who otherwise possessed or knew
14        the information;

15  (h)   During their depositions, witnesses, and attorneys for witnesses, in
16        the Action to whom disclosure is reasonably necessary provided:
17        (i) the deposing party requests that the witness sign the
18        "Acknowledgment and Agreement to Be Bound" (Exhibit A); and
19        (ii) the witness will not be permitted to keep any confidential
20        information unless they sign the "Acknowledgment and
21        Agreement to Be Bound," unless otherwise agreed by the
22        Designating Party or ordered by the Court.  Pages of transcribed
23        deposition testimony or exhibits to depositions that reveal
24        Protected Material may be separately bound by the court reporter
25        and may not be disclosed to anyone except as permitted under this
26        Stipulated Protective Order; and

27  (i)   Any mediator or settlement officer, and their supporting personnel,
28        mutually agreed upon by any of the parties engaged in settlement

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

10.

1     discussions.

2     8.3.   Disclosure of "Attorneys' Eyes Only Material" Information or Items.

3          Unless otherwise ordered by the Court or permitted in

4     writing by the Designating Party, a Receiving Party may disclose any

5     information or item designated "Attorneys' Eyes Only Information" or

6     "Attorneys' Eyes Only Material" only to:

7     (a)   Attorneys of record for the parties and their respective associates,

8          paralegals, clerks, and employees involved in the conduct of this

9          Action, and either party's in-house attorneys and attorneys

10          employed by its corporate parents and/or corporate affiliates and

11          their respective paralegals, clerks and employees;

12    (b)   Any outside consultant or expert and any employees thereof who

13          would, in the course and scope of their employment or engagement,

14          handle the at-issue documents, whether formally retained or not;

15    (c)   Stenographic employees, court reporters and videographers

16          recording or transcribing testimony in this Action;

17    (d)   The Court and any Court personnel to whom it is necessary to

18          disclose the information as well as any mediators used to try to

19          resolve the Action;

20    (e)   An employee or agent of the Designating Party, but only insofar as

21          such Attorneys' Eyes Only Material is relevant to their testimony

22          and disclosure is not otherwise prohibited by applicable law; and

23    (f)   Any other person with the prior written consent of the Designating

24          Party or pursuant to an order issued by this Court.

25

26  **9.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

27  **IN OTHER LITIGATION**

28          If a Party is served with a subpoena or a court order issued in other

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "Attorneys' Eyes Only Material" that Party must:

    (a)    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

    (b)    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "Attorneys' Eyes Only Material" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

10.1. Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "Attorneys' Eyes Only Material." Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

12.

1    prohibiting a Nonparty from seeking additional protections.

2    10.2.  Notification.

3              In the event that a Party is required, by a valid discovery

4    request, to produce a Nonparty's confidential information in its

5    possession, and the Party is subject to an agreement with the Nonparty

6    not to produce the Nonparty's confidential information, then the Party

7    shall:

8    (a)    Promptly notify in writing the Requesting Party and the Nonparty

9           that some or all of the information requested is subject to a

10          confidentiality agreement with a Nonparty;

11   (b)    Promptly provide the Nonparty with a copy of the Stipulated

12          Protective Order in this Action, the relevant discovery request(s),

13          and a reasonably specific description of the information requested;

14          and

15   (c)    Make the information requested available for inspection by the

16          Nonparty, if requested.

17   10.3.  Conditions of Production.

18              If the Nonparty fails to seek a protective order from this

19   Court within fourteen (14) days after receiving the notice and

20   accompanying information, the Receiving Party may produce the

21   Nonparty's confidential information responsive to the discovery request.

22   If the Nonparty timely seeks a protective order, the Receiving Party shall

23   not produce any information in its possession or control that is subject to

24   the confidentiality agreement with the Nonparty before a determination

25   by the Court.  Absent a court order to the contrary, the Nonparty shall

26   bear the burden and expense of seeking protection in this Court of its

27   Protected Material.

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

13.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

**13.   MISCELLANEOUS**

13.1.   Right to Further Relief.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   Right to Assert Other Objections.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

14.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3.   Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14.   FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel is entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

**15.**   **VIOLATION**

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

.

Dated:    September 30, 2021

/s/ Armond M. Jackson
Armond M. Jackson, Esq.
JACKSON LAW, P.C.
Attorneys for Plaintiff
MACY'S WEST STORES, INC.
YURIRIA DIAZ, as an individual and
on behalf of others similarly situated

Dated:    September 30, 2021

/s/ P. Dustin Bodaghi
FERMIN H. LLAGUNO
P. DUSTIN BODAGHI
LITTLER MENDELSON, P.C.
Attorneys for Defendant
MACY'S WEST STORES, INC.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

1

2    Dated:             September 30 , 2021

3    _____

4    Honorable Maria A. Audero
     United States Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

17.

**EXHIBIT A**

**Protective Order Acknowledgment and Non-Disclosure Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Diaz v. Macy's West Stores, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. 08:19-cv-00303  ODW(MAA). I certify that I am an appropriate person for receipt of Confidential Information under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction of the U.S. District Court for the Central District of California for purposes of enforcing the terms of this nondisclosure Order and Non-Disclosure Agreement.

I understand that disclosure of documents or information designated "Confidential" in violation of the protective order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

18.

1

2

3    Executed in _____ on _____.

4

5                                                  _____

6                                                  [Signature]

7                                                  _____

8                                                  [Print Name]

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

19.

**EXHIBIT B**

**Protective Order Acknowledgment and Non-Disclosure Agreement**

The undersigned hereby acknowledges and agrees to the following:

I have had the opportunity to review the protective order in *Diaz. v. Macy's West Stores, Inc.,* currently pending in the U.S. District Court for the Central District of California, Case No. 08:19-cv-00303 ODW(MAA). I certify that I am an appropriate person for receipt of <u>Attorneys' Eyes Only Material</u> and <u>Confidential Information</u> under the protective order. I understand and agree to be bound by the terms of the protective order and will not disclose any of the Attorneys' Eyes Only Material and Confidential Information provided to me to any third person, except as allowed in the protective order. I understand and agree that my use of any Attorneys' Eyes Only Material and Confidential Information shall be solely and exclusively for purposes relating to the prosecution or defense of the above-titled Action, including but not limited to appeals and writs relating thereto, discovery, and/or mediation or settlement of this Action in accordance with the provisions of the protective order.

I also agree that upon being informed of the termination or settlement of this Action, I will promptly surrender all Attorneys' Eyes Only Material and Confidential Information provided to me to the counsel that provided it to me so that it may be returned to the party that it belongs to in accordance with the terms of the protective order. I will not retain copies of any such Attorneys' Eyes Only Material and Confidential Information in any form of any kind, including but not limited to electronic format, for any reason whatsoever and understand that it would be a violation of the terms of the protective order to do so.

*[Signature on Following Page]*

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA 92612
949.705.3000

20.

1    By signing this Non-Disclosure Agreement, I hereby consent to the jurisdiction

2    of the U.S. District Court for the Central District of California for purposes of enforcing

3    the terms of this agreement.

4    I understand that disclosure of documents or information designated "Attorneys'

5    Eyes Only" or "Confidential" in violation of the protective order may be punished by

6    appropriate measures including, without limitation, contempt proceedings and/or

7    monetary sanctions.

8    Executed in _____ on _____.

9

10

11                                        _____

12    [Signature]

13                                        _____
      [Print Name]

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000

21.

**PROOF OF SERVICE**
***Yuriria Diaz, etc. et al v. Macy's West Stores, Inc.***
***USDC Case No: SACV19-00303 AG(DFMx)***

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 18565 Jamboree Road, Suite 800, Irvine, CA 92612-2565.

On September 30, 2021, I served the within document(s) described as: **STIPULATION AND [PROPOSED] PROTECTIVE ORDER** on the interested parties by placing  ☐a  the original [or] ☒ a true copy thereof ☒a to interested parties as follows [or] ☐a as stated on the below service list:

*Attorneys for Plaintiff*
*Yuriria Diaz*

| | |
|---|---|
| Armond M. Jackson, Esq. (SBN#218547)<br>JACKSON LAW, P.C.<br>2 Venture Plaza, Suite 240<br>Irvine, CA  92618 | Phone:       949.281.6857<br>Fax:          949.777.6218<br>Email:        ajackson@jlaw-<br>pc.com; ajackson@jacksonapc.com |

as follows:

☒        **BY NOTICE OF ELECTRONIC FILING**, which is a notice automatically generated by the CM/EF system at the time the document(s) listed above was filed with this Court, to lead counsel listed by CM/ECF  as "ATTORNEY TO BE NOTICED."

I hereby certify that I am employed in the Office of a member of the Bar of this Court at whose direction the service was made.  Executed on September 30, 2021, at Irvine, California

*/s/ Evangeline Granados*
Evangeline Granados

4823-1563-5197.1 / 095323-1002

LITTLER MENDELSON, P.C.
18565 Jamboree Road
Suite 800
Irvine, CA  92612
949.705.3000