UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**  Order GRANTING Defendant's motion to compel and DENYING as moot Plaintiff's stay request.

Before the Court is a motion to compel filed by Macy's West Stores, Inc., dba Macy's ("Defendant"). *See* Dkt. # 84 ("*Mot.*"). The motion seeks to compel the individual Private Attorneys General Act ("PAGA") claims brought by Yuriria Diaz ("Plaintiff") to arbitration and dismiss Plaintiff's representative PAGA claims. *See id.* Plaintiff opposed and seeks a discretionary stay from the Court. *See* Dkt. # 86 ("*Opp.*"). Defendant replied. *See* Dkt. # 87. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the moving, opposing, and reply papers, the Court **GRANTS** the motion to compel. Plaintiff's individual and representative PAGA claims are compelled to arbitration, and the Court **DENIES as moot** Plaintiff's stay request.

I.   Background

On February 14, 2019, Defendant properly removed to this Court a wage-and-hour putative class action filed by Plaintiff in California Superior Court. *See* Dkt. # 1. After removal, the parties explained that the parties' arbitration agreement required Plaintiff to arbitrate his individual employment-related claims and barred her from proceeding on a class-wide basis. *See* Dkt. # 28 ("*Dismissal Order*") at 2. As a result, Plaintiff sought leave to amend her complaint to dismiss her class and individual California Labor Code claims and allege only a representative claim under PAGA, Cal. Lab. Code §§ 2698 *et seq. See Dismissal Order* at 2. Plaintiff then filed a Second Amended Complaint alleging a single PAGA cause of action based on various Labor Code violations allegedly committed by Defendant. *See* Dkt. # 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

Defendant moved to dismiss the complaint for lack of standing, *see* Dkt. # 20, the Court granted the motion without leave to amend, *see Dismissal Order* at 8, Plaintiff appealed, *see* Dkt. # 32, and the Ninth Circuit Court of Appeals reversed and remanded based on intervening California caselaw, *see* Dkt. # 37. In the wake of the Ninth Circuit's decision, the Court granted Plaintiff leave to file and Plaintiff filed a Third Amended Complaint that maintained a single PAGA cause of action against Defendant. *See* Dkts. # 43, 44. Defendant then filed another motion to dismiss, *see* Dkt. # 47, which the Court denied, *see* Dkt. # 50.

The case continued to move forward, until January 19, 2022, when Defendant filed a motion to stay pending the Supreme Court's ruling in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"). *See* Dkt. # 64. Defendant argued that a stay was warranted because the Supreme Court's decision was set to address a question about arbitration of PAGA claims that would likely be dispositive of the case. *See id.* The Court granted the motion. *See* Dkt. # 67.

In June 2022, the Supreme Court issued its opinion in *Viking River* and Defendant moved to compel arbitration. *See* Dkt. # 70. The Court struck the motion because Defendant failed to first move to lift the stay. *See* Dkt. # 74. Defendant then filed an ex-parte application to lift the stay, and the Court set the application as a regularly noticed motion. *See* Dkt. # 76. On October 12, 2022, the Court granted Defendant's motion to lift the stay, *see* Dkt. # 83, and Defendant filed the current motion to compel arbitration.

II.     Legal Standard

The Federal Arbitration Act ("FAA") "governs arbitration agreements in contracts evincing 'a transaction involving commerce.'" *Zoller v. GCA Advisors, LLC*, 993 F.3d 1198, 1201 (9th Cir. 2021) (quoting 9 U.S.C. § 2). It "declares 'a liberal federal policy favoring arbitration' and provides that such agreements 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Id.* (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) and 9 U.S.C. § 2).

The FAA allows "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A district court's role is "limited to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Revitch v. DIRECTV, LLC*, 977 F.3d 713, 716 (9th Cir. 2020) (quoting *Chiron Corp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

*v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). "If the answer to both questions is yes, then the FAA requires a court 'to enforce the arbitration agreement in accordance with its terms.'" *Id.* (quoting *Chiron Corp.*, 207 F.3d at 1130). "In construing an arbitration agreement, courts must 'apply ordinary state-law principles that govern the formation of contracts.'" *Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). "[A]mbiguities about the scope of an arbitration agreement must be resolved in favor of arbitration." *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1418 (2019); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

III.   Discussion

Relying on the parties' arbitration agreement and the Supreme Court's decision in *Viking River*, Defendant argues Plaintiff must be compelled "to arbitrate her individual PAGA claims against Defendant and is precluded from bringing non-individual PAGA claims against Defendant in the arbitration." *Mot.* 8:26, 9:1; *see also id.* 10–15.

In response, Plaintiff simply argues that the arbitration agreement does not mention PAGA and so does not cover those claims. *See Opp.* 1:9–10, 2:24–25. Plaintiff also asks that the Court issue a discretionary stay, if the Court finds that individual PAGA claims are covered by the arbitration agreement. *See Opp.* 3–6. Specifically, Plaintiff argues that because the California Supreme Court is set to define the scope of PAGA standing, any decision would significantly affect how this matter is resolved. *See id.* 5:18–22.

Neither party is correct. Considering *Viking River* and the plain text of the agreement, both Plaintiff's individual and representative PAGA claims must be compelled to arbitration.[1]

A.   Viking River

The Supreme Court's decision in *Viking River* provides important clarifications about the relationship between PAGA claims and the FAA. There, the Court was asked to decide whether the FAA preempts a California rule that invalidated contractual waivers of the right to assert representative claims under PAGA. *See Viking River*, 142 S. Ct. at 1913. It held that the FAA

---

[1] No party argues that the Court is not the decider of arbitrability under the agreement, and so the Court applies the "presumption that courts will decide which issues are arbitrable." *Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1072 (9th Cir. 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

does so to an extent. The FAA preempts a California rule "preclud[ing] division of PAGA actions into individual and non-individual claims through an agreement to arbitrate." *Id.* at 1924. But it leaves intact a California rule invalidating wholesale waivers of PAGA claims. *Id.*; *see also id.* at 1916 (explaining that the rule "prevents parties from waiving *representative standing* to bring PAGA claims in a judicial or arbitral forum"). The Court also ruled that if individual claims are committed to a separate proceeding, a party "lacks statutory standing to continue to maintain her non-individual claims in court, and the correct course is to dismiss her remaining claims."[1] *Id.* at 1925; *see also id.* at 1916–17.

Necessary to the Court's holdings was the understanding of what "representative" means in relation to PAGA. The Court said there are two meanings. "In the first sense, PAGA actions are 'representative' in that they are brought by employees acting as representatives—that is, as agents or proxies—of the State. But PAGA claims are also called 'representative' when they are predicated on code violations sustained by other employees." *Id.* at 1916. And when used in the second sense, "it makes sense to distinguish 'individual' PAGA claims, which are premised on Labor Code violations actually sustained by the plaintiff, from 'representative' (or perhaps quasi-representative) PAGA claims arising out of events involving other employees." *Id.* Based on those distinctions, the Court fashioned its holdings. The California rule prohibiting waivers of representative PAGA claims in the first sense was valid, but the rule prohibiting agreements to separately arbitrate or litigate individual PAGA claims on the theory that resolving victim-specific claims in separate arbitrations did not serve PAGA's policy considerations was invalid. *See id.* at 1916–17, 1924–25.

In crafting its holdings, the Court also provided guidance on the relationship between PAGA and class arbitration. The agreement at issue, which required "arbitrat[ion] [of] any dispute arising out of [Petitioner's] employment" and contained a waiver provision "providing that in any arbitral proceeding, the parties could not bring any dispute as a class, collective, or representative PAGA action," led the parties to argue about the relationship between PAGA, class actions, and the enforceability of waiver provisions. *Id.* at 1916; *see id.* at 1917–23. And in addressing the parties' arguments, the Court drew clear distinctions between PAGA and class actions. "A class-action plaintiff can raise a multitude of claims because he or she represents a

---

[1] Of course, whether the Court's statutory-standing interpretation should hold is a matter ultimately left to state law. *See Viking River*, 142 S. Ct. at 1925 (Sotomayor, J., concurring) (noting that if the Court's interpretation of PAGA's statutory standing is wrong, "California courts, in an appropriate case, will have the last word"; and if the Court's understanding is right, "the California Legislature is free to modify the scope of statutory standing under PAGA").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

multitude of absent individuals; a PAGA plaintiff, by contrast, represents a single principal, [California's Labor and Workforce Development Agency], that has a multitude of claims." *Id.* at 1920. "Because PAGA actions do not adjudicate the individual claims of multiple absent third parties, they do not present the problems of notice, due process, and adequacy of representation that render class arbitration inconsistent with arbitration's traditionally individualized form." *Id.* at 1921. Rather, as the Court explained, PAGA actions are more akin to "bilateral arbitration." *See id.* at 1922–23.

    B.    <u>Arbitration Agreement</u>

The parties do not dispute that a valid arbitration agreement exists; they only dispute the scope of the agreement, and so the Court will address only that issue.[1] *See Chiron Corp.*, 207 F.3d at 1131. With an understanding of *Viking River*, and by reading the plain language of the arbitration agreement, the scope of the agreement is clear. All PAGA claims must be compelled to arbitration.

The arbitration agreement provides in relevant part the following:

> Except as otherwise limited, all employment-related legal disputes, controversies or claims arising out of, or relating to, employment or cessation of employment, whether arising under federal, state or local decisional or statutory law ("Employment-Related Claims"), shall be settled exclusively by final and binding arbitration.

*Declaration of Cynthia Ripak*, Dkt. # 84-3, Ex. A ("*Arbitration Agreement*"), p.6, Art. 2.

> The Arbitrator shall not consolidate claims of different Associates into one (1) proceeding. Nor shall the Arbitrator have the power to hear an arbitration as a class or collective action. (A class or collective action involves representative members of a large group, who claim to share a common interest, seeking relief on behalf of the group).

*Id.* at p.12, f.ii.

---

[1] Defendant asks the Court to take judicial notice of various court records. *See* Dkt. # 85. But because the Court need not rely on the records in this Order, it will not take notice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

The first paragraph unambiguously mandates arbitration for *all* employment-related disputes arising out of *any* law—federal, state, or local—except where otherwise limited. That broad provision no doubt covers Plaintiff's individual PAGA claims that are based on Defendant's alleged Labor Code violations. Plaintiff's argument to the contrary, that PAGA was not specifically mentioned in the agreement and so is not covered, *see Opp.* 2:10–12, is simply unpersuasive. *See Gray v. Petrossian, Inc.*, CV 17-6870 PSG (PJWx), 2017 WL 8792671, at *2 (C.D. Cal. Nov. 20, 2017) ("In general, district courts must expansively interpret arbitration agreements, especially when the clause itself is written in broad terms.").

The second paragraph does provide a limitation, but Defendant overinterprets it. The paragraph states that in an arbitration proceeding, claims of different Associates and/or class or collective actions may not be heard. Class or collective actions are defined as those where individuals represent members of a large group and are seeking to obtain relief on behalf of the group. Notably missing is the mention of a third, distinct type of claim—representative PAGA claims. *Cf. Viking River*, 142 S. Ct. at 1916 (noting the waiver provision prevented arbitration of "any dispute as a class, collective, *or representative PAGA action*" (emphasis added)). This is fatal to Defendant's argument because, as *Viking River* makes clear, PAGA claims are distinct from class or collective actions. *See id.* at 1920–24. A PAGA plaintiff is not representing the claims of absent individuals; she is representing a single state entity that has multiple claims. *See id.* at 1920. So contrary to what Defendant argues, the second paragraph does not on its face exclude representative PAGA claims from being adjudicated in the same arbitration proceeding. Thus, representative PAGA claims fall within the capacious language of the first paragraph as an employment-related dispute.

Read as a whole, the arbitration agreement supports that interpretation. The paragraph following the first paragraph noted above states that "[a]rbitration shall apply to any and all such disputes, controversies or claims whether asserted by the Associate against the Company" or vice versa. *Arbitration Agreement* p.6, Art. 2. The following paragraph states that "[m]erely by way of example, Employment-Related Claims include, but are not limited to" claims flowing from a list of federal and state statutes and common law employment doctrines. *Id.* The paragraph after provides additional limitations to claims that may be brought in arbitration—but none of them refer to representative PAGA claims, either specifically or broadly. *Id.* And the section preceding the paragraph excluding class or collective actions states that "[t]he Arbitrator shall have the power to hear as many claims as a Claimant may have consistent with Article 2." *Id.* at p.12, f.i. The agreement's all-encompassing language coupled with a lack of language excluding representative PAGA claims leads the Court to find that all PAGA claims must be compelled to arbitration under the agreement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

Defendant pitches a different view. It argues that language in the agreement shows that the parties exclusively contemplated arbitration of claims premised on disputes between Plaintiff and Defendant. *See Mot.* 9 (citing individualized language in the *Arbitration Agreement* such as "Associate" and "Company"). And citing a line of Supreme Court precedent applying a heightened standard for determining whether parties consented to class arbitration, Defendant contends that "[t]he parties did not agree to arbitrate the Labor Code violations of any other employees in that same arbitration proceeding." *Mot.* 12:15–16; *see also id.* 12:16–28; *Reply* 2–3.

That view is unpersuasive for the reasons stated; and to the extent Defendant argues that the agreement is unclear and so consent cannot be inferred, that too misses the mark. True, the Supreme Court has explained that purported agreements for class arbitration are scrutinized for consent because class arbitration is at odds with "the virtues Congress originally saw in arbitration" and "also raises serious due process concerns by adjudicating the rights of absent members of the plaintiff class." *Lamps Plus, Inc.*, 139 S. Ct. at 1416 (citations omitted). Courts thus may not infer from silence or ambiguity in an arbitration agreement that parties have consented to class arbitration. *See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684–87 (2010); *Lamps Plus, Inc.*, 139 S. Ct. at 1416–19. But the Court in *Viking River* clearly distinguished class and PAGA actions. It explained that "[b]ecause PAGA actions do not adjudicate the individual claims of multiple absent third parties, they do not represent the problems of notice, due process, and adequacy of representation that render class arbitration inconsistent with arbitration's traditionally individualized form." *See Viking River*, 142 S. Ct. at 1921; *see also Hamilton v. Wal-Mart Stores, Inc.*, 39 F.4th 575, 583–84 (9th Cir. 2022). And the Court clarified that "we [have not] suggested that single-agent, single-principal representative suits are inconsistent [with] the norm of bilateral arbitration as our precedents conceive of it. Instead, we have held that the changes brought about by the shift from bilateral arbitration to *class-action arbitration* are too fundamental to be imposed on parties without their consent." *Viking River*, 142 S. Ct. at 1922 (citation omitted).

So to the extent Defendant contends the agreement is ambiguous as to whether the parties intended coverage of representative PAGA claims, the rigorous consent standard for class arbitration does not apply to PAGA. Unlike class arbitration, PAGA is not inconsistent with the core features of the FAA. *See Viking River*, 142 S. Ct. at 1921. The Court must therefore "enforce the arbitration agreement in accordance with its terms," *Revitch*, 977 F.3d at 716 (citation omitted), and any "ambiguities about the scope of an arbitration agreement must be resolved in favor of arbitration," *Lamps Plus, Inc.*, 139 S. Ct. at 1418. Here, that means compelling arbitration of Plaintiff's individual and representative PAGA claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-00303 PSG (MAAx) | Date | November 23, 2022 |
|---|---|---|---|
| Title | Yuriria Diaz v. Macy's West Stores, Inc. | | |

As such, the Court need not apply *Viking River*'s statutory standing rule or address Plaintiff's stay request.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to compel. All of Plaintiff's PAGA claims, individual and representative, are compelled to arbitration in accordance with the arbitration agreement. Plaintiff's request for a stay is **DENIED as moot**. This order closes the case as there are no remaining claims before the Court.

**IT IS SO ORDERED.**